## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PAMELA STONE,
TWYLA RUSAN,
M. JAMIE MORROW,
THE SOUTH PARK COALITION, INC., a non-profit 501(c)(4) Colorado corporation, and
BE THE CHANGE USA, a non-profit 501(c)(4) Colorado corporation,

      Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY,

      Defendants.

## COMPLAINT AND JURY DEMAND

By and through counsel, Randall M. Weiner and Annmarie Cording of the Law Offices of Randall M. Weiner, P.C., Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, The South Park Coalition, Inc.' and Be the Change USA, as and for their Complaint against Defendants High Mountain Mining Company, LLC and James R. Murray, allege the following:

### NATURE OF THE CASE

1.    This is a civil action brought pursuant to the citizen suit provisions of the Federal Water Pollution Control Act, more commonly referred to as the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq*. Defendants High Mountain Mining Co, LLC ("High Mountain Mining") and James R. Murray (collectively "Defendants") operate the Alma Placer Mine and have discharged pollutants from the Alma Placer Mine property into the Middle Fork of the South

1

Platte River ("Middle Fork") without a National Pollutant Discharge Elimination System ("NPDES")[1] permit or in violation of §301 and §402 of the CWA, 33 U.S.C. §§1311 and 1342.

2. Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, The South Park Coalition, Inc. and Be the Change USA (the "Plaintiffs") seek declaratory, injunctive, civil penalties and remedial relief, in addition to an award of costs, attorney fees and expert witness fees, for High Mountain Mining's violations pursuant to Sections 309 and 505 of the CWA, 33 U.S.C. §§1319 and 1365.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 33 U.S.C. §1365(a) and 28 U.S.C. §1331. The relief requested is authorized pursuant to 33 U.S.C. §§1319 and 1365, and 28 U.S.C. §§2201 and 2202.

4. On February 19, 2019, in compliance with 33 U.S.C. §1365(b)(1)(A), Plaintiffs mailed notice of the violations specified in this Complaint and of their intent to file suit to Defendants High Mountain Mining and James R. Murray; the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of Region 8 of the EPA; the Colorado Attorney General; and Colorado Department of Public Health and Environment ("CDPHE").

5. A true and correct copy of the notice letter, dated February 18, 2019 and sent by registered mail to the recipients, is attached hereto as **Exhibit A** and incorporated herein by reference (hereinafter referred to as the "Notice Letter").

---

[1] The State of Colorado has been delegated authority to issue State Pollutant Discharge Elimination System ("SPDES") permits. References herein to NPDES permits incorporate SPDES permits.

2

6. More than sixty days have elapsed since the Notice Letter was served, and the violations complained of in the notice are continuing, or are reasonably likely to continue. Neither the EPA nor CDPHE have commenced or are diligently prosecuting a civil or criminal action to redress the violations. Any enforcement related activities undertaken by the State of Colorado do not constitute diligent prosecution under 33 U.S.C. §1319(g).

7. Venue is appropriate in the District of Colorado pursuant to 33 U.S.C. §1365(c)(1) because the sources of all violations complained of have occurred in this District.

## PARTIES

8. Plaintiff Pamela Stone is an individual living on the Middle Fork. Her address is 420 Front Street, Fairplay, Colorado 80440, which is riparian land on the Middle Fork. Ms. Stone is a taxpayer to the Town of Fairplay, Colorado.

9. Plaintiff Twyla Rusan is an individual living on or near the Middle Fork. Her address is 600 Silverwheels Cir., Fairplay, Colorado 80440. Ms. Rusan is a taxpayer of the Town of Fairplay, Colorado.

10. M. Jamie Morrow is an individual living near the Middle Fork. Her address is 654 Tristan Loop, Fairplay, Colorado 80440. Ms. Morrow is a taxpayer of the Town of Fairplay, Colorado.

11. Plaintiff The South Park Coalition, Inc. is a 501(c)(4) non-profit corporation made up of approximately 100 members, some of whom live in or around the Middle Fork. The South Park Coalition, Inc. is an environmental, public interest and public trust advocacy organization working to enhance the natural resources of Park County, Colorado and the South Park Basin. All of its members are concerned about the water quality of the Middle Fork and the impact that

3

impaired water quality and sediment discharges to the Middle Fork has had or may have on property values, recreational activities (including, hiking, fishing, picnicking, biking), and tourism, and aesthetic enjoyment of the Middle Fork.

12. Plaintiff Be the Change USA is a 501(c)(4) non-profit corporation, some of whose members and directors live in or around the South Platte River. Be the Change is an environmental, public interest and advocacy organization. Its members are concerned about the water quality of the Middle Fork and the impact that impaired water quality and sediment discharges to the Middle Fork has had or may have on property values, recreational activities (including, hiking, fishing, picnicking, biking), and tourism, and aesthetic enjoyment of the Middle Fork.

13. On information and belief, Defendant High Mountain Mining is a Wyoming limited liability company registered and in good standing in the State of Colorado. High Mountain Mining's principal address is listed as 3040 S. Vallejo Street, Englewood, CO 80110.

14. Upon information and belief, Defendant James R. Murray is a managing member (owner) of High Mountain Mining and an operator of the Alma Placer Mine.

## CITIZEN ENFORCEMENT

15. CWA violators are subject to enforcement activities initiated by the EPA, states, and citizens. 33 U.S.C. §§1319 & 1365(a).

16. CWA §505 authorizes citizens to bring suit against any person, including an agency and/or responsible employees, who are alleged to be in violation of the CWA. 33 U.S.C. §1365.

4

17. Plaintiffs have standing to pursue this action because Plaintiffs and/or their members have been adversely affected by High Mountain Mining's previous, ongoing and future violations of law, the injuries suffered by Plaintiffs and/or their members are fairly traceable to the actions of High Mountain Mining and the injuries complained of by Plaintiffs include injury to aesthetic, recreational or environmental values and can be remedied by the relief requested herein. Plaintiffs are persons for whom the aesthetic and recreational values of the area will be diminished by High Mountain Mining's discharge. Plaintiffs' groups have also suffered organization injury and all Plaintiffs have suffered procedural injury because they have a procedural right to participate in the NPDES permitting process, and relatedly the National Environmental Policy Act process, in order to provide input and potentially alter Defendants' permitted operations. The failure of Defendants to engage in the NPDES process has restricted their ability to do so. Accordingly, Plaintiffs have standing to bring this action and this Court has subject matter jurisdiction over this action.

## FACTS

18. South Park is a high valley formed by the basin of the Mosquito and Park Ranges of the Rocky Mountains. 1,300 square miles of South Park are designated as a National Heritage Area by U.S. Congress under the National Park Services, making it one of only 40 such sites in the United States.

19. On information and belief, in recent years 3.9 million people visit South Park annually.

20. The towns of Alma and Fairplay are part of the South Park National Heritage Area.

5

21. The Middle Fork between the Town of Alma and the Fairplay Reservoir is the highest known Brown Trout recruitment fishery in the lower 48 states.

22. The Middle Fork is a navigable water of the United States.

**Alma Placer Mine Operations**

23. Since 2012, Defendant High Mountain Mining has owned and operated the Alma Placer Mine, a gold placer mine and gravel operation next to the town of Alma, located in Park County, Colorado.

24. The coordinates of the Alma Placer Mine are 39' 17' 3' N/106' 3' 48' W, in Park County within Section 1 Township 9S, Range 78W, of the 6th. P.M. (Alma, Colorado).

25. Defendant Murray is the mine operator of the Alma Placer Mine who directs the workings of, manages, and/or conducts the affairs of the Alma Placer Mine.

26. Defendant Murray manages, directs, and/or conducts operations at the Alma Placer Mine specifically related to the activities that resulted in the pollution at issue, that is, operations having to do with the settling ponds, disposal of mine waste, detection of discharges, or decisions about compliance with environmental regulations.

27. Upon information and belief, the Alma Placer Mine uses gravity concentration to segregate and wash placer material, which consists of sand, gravel and clay/silt, to separate it from the gold, leaving behind a marketable sand and gravel byproduct. The gravel is washed with water in a series of four settling ponds (the "Settling Ponds").

28. Upon information and belief, water is collected from the pit operation at the Alma Placer Mine, which water is then directed through the onsite Settling Ponds to allow for infiltration into the native gravels.

6

29. Upon information and belief, of the four Settling Ponds at the Alma Placer Mine, Pond 1 receives most of the fine sand from the plant not captured in the sand recovery system. The discharge from Pond 1 flows to Pond 2, then to Pond 3, and then to Pond 4.

30. Ponds 3 and 4 are located approximately 23.4 feet from the Middle Fork. Ponds 1 and 2 are located towards the interior of the Alma Placer Mine's property, and thus farther from the Middle Fork.

31. In addition to the Settling ponds, the area south of the Alma Placer Mine mining pit contains a series of ponds designated South Ponds 1 through 4. Upon information and belief, South Ponds 3 and 4 are designed to handle pumped water from the active mining pit.

32. Upon information and belief, South Ponds 3 and 4 are unlined and constructed to allow the contents therein to seep back into the ground.

33. The ponded water in South Ponds 3 and 4 contributes to a wetlands area located on Alma Placer Mine property northeast of two culverts, the "North Culvert" and the "South Culvert."

34. Water from this wetlands area flows from the Alma Placer Mine property, through the two culverts under Highway 9, and directly into the Middle Fork.

35. The two culverts begin on Alma Placer Mine property and convey water from the Alma Placer Mine property and into the Middle Fork.[2]

36. The North Culvert is located at coordinates N 39.27639, W 106.05366. It is located at the downstream margin of the Alma Placer Mine operations. The North Culvert

---

[2] In addition to location coordinates provided herein and in the Notice Letter, a map attached to the Notice Letter at Exhibit 2 shows the locations of the North Culvert and the South Culvert. Further, a picture of the culvert locations is attached to the Notice Letter at Exhibit 1.

7

consists of a pipe, conveying water from the wetlands on the Alma Placer Mine property, underneath Highway 9.

37. The South Culvert is located at coordinates N 39.27581, W 106.05282.1. It is located 324 feet south (and downstream) of the North Culvert along Highway 9. It travels under Highway 9 between mile markers 69 and 70. The South Culvert also consists of a pipe, conveying water from the wetlands on Alma Placer Mine property, underneath Highway 9.

**Violations of the CWA**

38. Defendants' practices violate the CWA. Specifically, Defendants have been violating the CWA by discharging pollutants from the Alma Placer Mine into the Middle Fork. The violation is ongoing because there continues to be direct discharges from the Alma Placer Mine property into navigable waters of the U.S. in violation of the CWA.

39. High Mountain Mining's discharges consist of three discrete point sources: the Settling Ponds, the North Culvert, and the South Culvert.

   A.   *Pollutants Conveyed via Groundwater*

40. By collecting and channeling water into the Settling Ponds, Defendants create a discernible, confined and discrete conveyance that is regulated under the CWA as a point source of pollution.

41. Defendants' activities concentrate the pollutants from the Alma Placer Mine in the Settling Ponds, which are then conveyed into the groundwater system and then into surface waters of the adjacent Middle Fork.

42. Testing by Arrakis, Inc. in its "High Mountain Mining Water Sampling Trip Report" shows the presence of contaminants in Pond 4, specifically magnesium, potassium, and

8

sodium.

43. The contaminants in Ponds 3 and 4, located only 23.4 feet from the Middle Fork, are conveyed into the groundwater system and, thence, to the Middle Fork adjacent to Ponds 3 and 4.

44. Ponds 3 and 4 are hydraulically connected to the Middle Fork.

45. The discharges from the Settling Ponds began on November 5, 2016 and are ongoing, and will continue absent actions taken at the Alma Placer Mine property to prevent them.

### B. *Pollutants Conveyed Solely via Surface Waters*

46. Water from the wetlands area on the Alma Placer Mine property flows through the South Culvert, under Highway 9, and directly into the Middle Fork.

47. Water from the wetlands area on the Alma Placer Mine property also meanders through wetlands for a short distance until it flows through the North Culvert, under Highway 9, and directly into the Middle Fork.

48. Sampling of the discharges from the North Culvert and the South Culvert, taken on November 5, 2016 reveal pollutants present therein, specifically Aluminum, Magnesium, Manganese, Potassium, Sodium, Sulfur, Uranium, Iron, Lead, and Carbon.[3]

49. This sampling confirms that pollutants from the Alma Placer Mine are traveling through the North Culvert and into the Middle Fork.

---

[3] The November 2016 sampling results, along with chain-of-custody documentation, are attached to the Notice Letter at Exhibit 4. Additionally, the Notice Letter contains a table of pollutants being discharged by Defendants, specifying for each pollutant the dates of violation, the activity causing the discharge, and the mechanism of the discharge. *See* **Exhibit A** at 4-5.

9

50. This sampling confirms that pollutants from the Alma Placer Mine are traveling through the South Culvert and into the Middle Fork.

51. The discharges from both the North Culvert and the South Culvert began on November 5, 2016 and are ongoing, and will continue absent actions taken at the Alma Placer Mine property to prevent them.

### C. *Discharging without Permits*

52. Defendants are discharging sediments and/or pollutants into the Middle Fork without obtaining a national or state pollutant discharge elimination system ("NPDES" or "SPDES") permit or dredge and fill permit, or CDPS permit, or a certification that such discharges meet Colorado water quality standards.

53. CDPHE is the only agency with delegated authority in the State of Colorado to issue a NPDES or SPDES permit, or to enforce the lack thereof.

54. High Mountain Mining's discharges adversely affect Plaintiffs' recreational activities (i.e., fishing, wading, dog walking, picnicking, hiking), tourism, and other recreational and aesthetic enjoyment on the Middle Fork.

55. On information and belief, High Mountain Mining's previous, ongoing, and future violations of the CWA harm the Plaintiffs' ability to enjoy the activities described above in and around the affected waters. These are actual, concrete injuries suffered by the Plaintiffs and are fairly traceable to High Mountain Mining's violations and capable of redress by action of this Court.  Plaintiffs have no other adequate remedy at law.

**CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Violations of 33 U.S.C. § 1311(a) and 1342(a)(1) for Unpermitted Discharges into Navigable Waters Under §402)**

56. All preceding paragraphs are incorporated herein by reference.

57. In relevant part, 33 U.S.C. § 1311(a) states that, "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful."

58. On information and belief, Defendants have discharged, have caused to be discharged, are discharging, are causing to be discharged, and/or are reasonably likely to continue to discharge pollutants into the navigable waters of the United States without a NPDES permit in violation of Sections 301(a) and 402 of the CWA, 33 U.S.C. §1311(a), and 33 U.S.C. 1342(a)(1).

59. On information and belief, these pollutants complained of herein originate from the Alma Placer Mine.

60. On information and belief, Defendants' discharges in violation of Sections 301 and 402 of the Clean Water Act are comprised of i) the Settling Pond discharges and ii) the North Culvert and South Culvert discharges, as specifically described herein and in the attached Notice Letter at **Exhibit A**.

61. High Mountain Mining has not possessed, and currently does not possess, a permit under §402 of the CWA, 33 U.S.C. §1342(a)(1) to discharge into the Middle Fork for the Settling Pond discharges and the North Culvert and South Culvert discharges.

62. Specifically, Defendants have no NPDES, SPDES, or Colorado Discharge Permit System ("CDPS") permit for the discharges specifically described herein and in the attached Notice Letter at **Exhibit A**.

63. The pollutants complained of herein enter the Middle Fork via point sources.

64. The Middle Fork is a navigable water of the United States, and/or flows into other navigable waters of the United States.

65. On information and belief, the pollutants have negatively impacted, and continue to negatively impact, the Middle Fork.

66. On information and belief, there is a reasonable likelihood of ongoing discharges by Defendants, which has caused and will continue to cause lasting environmental degradation of the Middle Fork.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request this Court grant the following relief:

A. Issue an Order declaring Defendants in violation of the CWA;

B. Issue an Order enjoining Defendants' operations until Defendants obtain an NPDES or SPDES permit for their operations that result in discharges;

C. Enter a money judgment imposing civil penalties against Defendants for their violations of the CWA;

D. Order remedial relief as necessary to restore, remediate and rehabilitate the Middle Fork and riparian areas caused by the violations described herein;

E. Any other relief pursuant to the CWA including 33 U.S.C. §§1319 and 1365 which the Court deems appropriate;

F.	Issue an order awarding Plaintiffs their litigation expenses, including reasonable attorneys fees, expert witness fees, and costs, as authorized by the CWA under 33 U.S.C. §1365;

G.	Retain jurisdiction over this matter until Defendants achieve compliance with the Orders of this Court; and

H.	Award such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. § 38, Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

Respectfully submitted this 29th day of April, 2019.

        LAW OFFICES OF RANDALL M. WEINER, P.C.

By:	*/s/ Randall M. Weiner*
    Randall M. Weiner
    Annmarie Cording
    Law Offices of Randall M. Weiner, PC
    3100 Arapahoe Avenue, Suite 202
    Boulder, CO  80303
    Telephone: (303) 440-3321
    FAX: (720) 292-1687
    E-mail: randall@randallweiner.com
    *Attorney for Plaintiffs*