IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1246-WJM-STV

PAMELA STONE, an individual,
TWYLA RUSAN, an individual,
M. JAMIE MORROW, an individual, and
THE SOUTH PARK COALITION, INC., a Colorado corporation,

    Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY, an individual,

    Defendants.

---

**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER**

---

This matter is before the Court on Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, and the South Park Coalition's (collectively, "Plaintiffs") Objection to United States Magistrate Judge Scott T. Varholak's January 4, 2021 Order Denying Plaintiffs' Renewed Motion for Extension of Time to Extend Discovery Cutoff and Related Deadlines ("Objection") (ECF No. 69).  (ECF No. 71.)  For the following reasons, the Objection is overruled as moot.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history of this matter and incorporates by reference the factual summary contained in the Court's November 19, 2020 Order Denying Plaintiffs' Early Motion for Partial Summary Judgment ("Order").  (ECF No. 60.)

On April 29, 2020, Judge Varholak entered a Scheduling Order setting the deadline for expert discovery at March 18, 2021. (ECF No. 54.) On November 24, 2020, Plaintiffs filed their Motion for Extension of Time to Extend Discovery Cutoff and Related Deadlines ("First Motion"), seeking a one-year extension to allow their expert witness to conduct groundwater sampling during the summer and fall of 2021 and compile an expert report. (ECF No. 61.) They argued that sampling of the groundwater can only occur at this time of year due to the arctic conditions and snowmelt during the winter and spring. (*Id.* at 2–3.) On December 17, 2020, Judge Varholak denied the First Motion without prejudice to refiling a request for a shorter extension. (ECF No. 66.)

On December 31, 2020, Plaintiffs filed a renewed Motion for Extension ("Second Motion"), seeking a seven-month extension of the discovery deadlines based on the same argument regarding groundwater sampling. (ECF No. 67.) On January 4, 2021, Judge Varholak denied Plaintiffs' Second Motion, again finding that granting such an extension would prejudice Defendants and that Plaintiffs had not demonstrated good cause for such a lengthy extension. (ECF No. 69.) Plaintiffs filed their Objection on January 19, 2021, again asserting that their expert would not have time to conduct the sampling and produce a report before the March 18, 2021 deadline. (ECF No. 71.)

Also on January 19, 2021, Plaintiffs filed a third Motion for Extension ("Third Motion"), this time seeking a three-month extension of the discovery deadlines. (ECF No. 70.) They represented that they would be able to comply with the expert witness disclosure and report deadlines if extended three months. (*Id.*) On February 11, 2021, Judge Varholak granted the Third Motion and extended the deadline for expert

discovery to June 14, 2021. (ECF No. 78.) On June 10, 2021, Judge Varholak again extended the deadline for expert discovery to July 30, 2021. (ECF No. 88.)

## II. LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III. ANALYSIS

Plaintiffs contend that Judge Varholak's denial of the Second Motion was erroneous because their expert would not have time to conduct sampling of the water in certain ponds and compose a report prior to the deadline. (ECF No. 71 at 3–4.) Plaintiffs further emphasize that without the sampling, they cannot support their case, and that any prejudice to Defendants would be minimal, as the matter is not yet set for trial. (*Id.* at 3–4.)

As stated above, subsequent to the briefing of the Objection, Judge Varholak granted Plaintiffs' Third Motion and granted a three-month extension as to the discovery deadlines. (ECF No. 78.) In the Third Motion, Plaintiffs represented that the three-month extension would be sufficient to meet their discovery goals and obligations, and

they have not indicated that this relief was not adequate.[1]  (ECF No. 70.)  Rather, the docket reflects that the parties have been proceeding with discovery according to the modified schedule.  Given the granting of the Third Motion and consequent extension of the discovery deadlines as Plaintiffs requested, the Court finds that the Objection to the denial of the Second Motion is moot.  Accordingly, Plaintiffs' Objection is overruled.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Objection (ECF No. 71) is OVERRULED as MOOT.

Dated this 15th day of July, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[1] Specifically, Plaintiffs state that they have "adapted their discovery approach in light of the testing limitations" and that the requested modified deadlines would "allow for the preparation of an expert report."  (ECF No. 71 at 4.)