IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1246-WJM-STV

PAMELA STONE, an individual,
TWYLA RUSAN, an individual,
M. JAMIE MORROW, an individual, and
THE SOUTH PARK COALITION, INC., a non-profit 501(c)(4) Colorado corporation,

    Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY, an individual,

    Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION *IN LIMINE*

---

Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, and The South Park Coalition, Inc. (collectively, "Plaintiffs") bring this lawsuit pursuant to the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a) and 1342(a)(1), against Defendants High Mountain Mining Company, LLC ("High Mountain") and James R. Murray (jointly, "Defendants"). (ECF No. 118.)

This matter is before the Court on Defendants' Motion *in Limine* ("Motion"), filed on February 1, 2022. (ECF No. 127.) Plaintiffs responded on February 9, 2022. (ECF No. 129.)

The Court presumes familiarity with the procedural and factual background of this action, which will not be repeated here. (*See, e.g.*, ECF Nos. 60, 124.) For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## II. ANALYSIS

In the Motion, Defendants seek to exclude at trial: (1) evidence of the discharge of pollutants from the Mine in 2014; and (2) evidence of any penalty or remedy that could be associated with a CWA violation. (ECF No. 127 at 1.) The Court considers each category of evidence below.

### A.   Evidence Regarding the 2014 Discharge

Defendants argue that the Court should exclude any evidence surrounding the 2014 discharge of pollutants from the Mine. (*Id.* at 2.) For support, they emphasize that Plaintiffs have already admitted that they are not seeking a permit or penalties for Defendants' 2014 discharge and that this evidence is irrelevant to the underlying issue

in this litigation: whether Defendants are engaging in an ongoing violation of the CWA. (*Id.* at 2–3.)  According to Defendants, "[s]uch evidence should also be excluded because its probative value (which it has none in this case) is substantially outweighed by a danger of unfair prejudice, confusing the issues, and it would delay the case and waste time."  (*Id.* at 4.)

Plaintiffs respond that "evidence compiled in 2014 around the time of that discharge is relevant and material to current claims." (ECF No. 129 at 1.)  According to Plaintiffs, the 2014 sampling "shows that acutely toxic heavy metals were identified in Pond 4 by the government," which is "relevant to Plaintiffs' claim that the Mine process creates pollutants that are collected in Pond 4" and "rebuts Defendants' recurring assertion that the ponds are a 'closed-loop system' and 'there is no mechanism via which heavy metals can be released into the process water system of the mine and beyond.'"  (*Id.* at 2.)

In its prior Order granting in part and denying in part Defendants' Motion to Exclude Plaintiffs' Non-Retained Expert Witnesses Under Fed. R. Evid. 702, the Court excluded non-retained expert testimony from Pete Cadmus, Jeff Spohn, and Dawson Swanson regarding testing of the water in Pond 4 on or around October 3, 2014.  (ECF No. 124 at 17–18.)  As the Court reasoned:

> In light of Plaintiffs' admissions that the October 3, 2014 discharge was a "one-time" discharge for which they are not seeking penalties, the Court finds that testimony regarding the results of water sampling on October 3, 2014 is not relevant to the determination of whether Defendants are engaging in an *ongoing* violation of the Clean Water Act.
>
> . . .

> Accordingly, the Court excludes the non-retained expert testimony from Cadmus, Spohn, and Swanson.

(*Id.* (emphasis in original).)

The Court will not revisit its prior ruling excluding the non-retained expert testimony from Cadmus, Spohn, and Dawson. However, this is not to say that evidence regarding the 2014 discharge is necessarily inadmissible in other forms and for other purposes. For example, if Plaintiffs establish liability on their CWA claim, testimony regarding the 2014 discharge may be relevant for the purpose of assessing an appropriate history based on High Mountain's "history of . . . violations." *See* 33 U.S.C. § 1319(d) (listing factors courts should consider in determining amount of civil penalty). As such, the Court cannot conclude that evidence surrounding the 2014 discharge is irrelevant for any purpose. Nor can the Court conclude that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or wasting time.

Accordingly, this portion of the Motion is denied. However, given that: (1) there is evidence that the 2014 discharge occurred because a water line did not have a check valve to prevent back-flow at the time and another valve was left in the wrong position at the end of the work shift on October 2, 2014 (rather than as a result of Defendants' normal ongoing operations) (ECF No. 127 at 3 (citing ECF No. 127-1 at 5)); and (2) Plaintiffs have conceded that the October 3, 2014 discharge was a "one-time" discharge for which they are not seeking penalties, Plaintiffs are advised that evidence relating to the 2014 discharge is not of primary importance in this case and should not receive significant attention during trial.

**B.     Evidence Regarding Any Penalty or Remedy**

Defendants note that, among other things, Plaintiffs seek the following penalties or remedies in this action: (1) an order enjoining Defendants' operations until Defendants obtain a National Pollutant Discharge Elimination System or State Pollutant Discharge Elimination System permit for their operations that result in discharges; (2) a money judgment imposing civil penalties against Defendants; and (3) remedial relief as necessary to restore, remediate and rehabilitate the Middle Fork and riparian areas caused by the alleged violations.  (ECF No. 127 at 4 (citing ECF No. at 12).)  Defendants argue that "Plaintiffs never conducted discovery regarding these issues, they failed to disclose any penalty in the Final Pretrial Order . . . , [and they] provided no computation or support for any penalty in the Scheduling Order (except to repeat the CWA statutory penalty language)."  (*Id.* at 4–5.)  As such, Defendants contend that evidence regarding any penalty or remedy should be excluded at trial.  (*Id.*)

In response, Plaintiffs argue that the CWA "imposes on the Court the responsibility to determine the appropriate relief after liability has been established" and that "Defendants point to no authority to suggest that relief can only be sought if discovery is undertaken on a particular subject or in a particular manner."  (ECF No. 129 at 5.)  The Court agrees.

It may well be that Plaintiffs are unable to provide evidentiary support for their requested penalty and/or remediation and restoration proposals at trial if they have not completed extensive discovery on these topics.  On the other hand, Plaintiffs may already be in possession of such evidence, and the fact that they undertook no formal discovery on any particular topic is legally of no moment.  But the far more important

5

point here is that Defendants have failed to bring to the Court's attention any support for the proposition that a motion in *limine* is the appropriate means by which a court may rule, prior to hearing any of the parties' evidence, that a certain form of remedy or damages may or may not be available to Plaintiffs in the event they are the prevailing parties in this case.  Indeed, the Court's view is quite to the contrary; it is aware of no authority by which a motion meant to be the vehicle by which it may make pretrial evidentiary rulings can be transformed into a means by which it can make the type of determination sought by Defendants before the first witness has even testified.  For this reason this portion of Defendants' motion is also denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants' Motion *in Limine* (ECF No. 127) is DENIED.

Dated this 1st day of March, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge