IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1246-WJM-STV

PAMELA STONE, an individual,
TWYLA RUSAN, an individual,
M. JAMIE MORROW, an individual, and
THE SOUTH PARK COALITION, INC., a non-profit 501(c)(4) Colorado corporation,

    Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY, an individual,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA

    This matter is before the Court on non-party Colorado Department of Public Health and Environment's ("CDPHE") Motion to Quash Subpoena or, in the Alternative, for a Protective Order ("Motion").  (ECF No. 155.)  Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, and The South Park Coalition, Inc. (collectively, "Plaintiffs") filed a response in opposition to the Motion.  (ECF No. 158.)  Defendants High Mountain Mining Company, LLC ("High Mountain") and James R. Murray (jointly, "Defendants") do not oppose the Motion.  (ECF No. 157.)  For the reasons explained below, the Motion is granted in part and denied in part.

### I. BACKGROUND

    On March 15, 2021, Plaintiffs identified Meg Parish, an employee of the CDPHE, as an unretained expert witness in their Disclosure of Expert Testimony.  (ECF No. 84-

1.) On May 5, 2021, Defendants filed a Motion to Exclude Plaintiffs' Non-Retained Expert Witnesses Under Federal Rule of Evidence 702, in which they requested, among other things, that the Court exclude Ms. Parish from testifying as an expert at trial. (ECF No. 84 at 5–6.)

On January 7, 2022, the Court granted in part and denied in part Defendants' request to exclude testimony from Ms. Parish. (ECF No. 124 at 11–18.) The Court ruled that Plaintiffs failed to identify any specialized knowledge or qualifications that Ms. Parish has regarding the sufficiency of clay or silts in High Mountain's ponds to obviate certain environmental permitting requirements; the Court therefore ruled that Ms. Parish is precluded from testifying regarding "whether the clay or silts that allegedly line or have been added to Defendants' ponds have been sufficient to obviate permitting obligations for other facilities in the State." (*Id.* at 14.)

The Court further ruled that Ms. Parish would not be permitted to testify as to ultimate conclusions regarding Plaintiffs' Clean Water Act ("CWA") claim, and set forth the following parameters for Ms. Parish's testimony:

> The Court sees a difference between, on the one hand, Parish testifying about the holding in a particular case and applying the rule of that case to the facts at issue here and, on the other hand, Parish testifying about her understanding of the law and how it impacts her understanding of how the State determines whether a facility must obtain a state pollutant discharge permit. The Court will permit testimony which constitutes the latter; the former is impermissible.

(*Id.* at 15.) Finally, the Court concluded that Plaintiffs' disclosures for Ms. Parish were insufficient because they failed to identify the specific facts and opinions to which Ms. Parish is expected to testify as required by Federal Rule of Civil Procedure 26(a)(2)(C). Nonetheless, the Court permitted Plaintiffs to supplement their Rule 26 disclosures for

2

Ms. Parish.  (*See id.* at 16.)  Plaintiffs filed their supplementary disclosures for Ms. Parish on January 21, 2022.  (ECF No. 126.)

On February 10, 2022, Plaintiffs issued to Ms. Parish a subpoena to appear for the purpose of giving testimony at trial on March 14, 2022.  (ECF No. 158-1.)  Subsequently, the trial was reset to commence April 26, 2022.  (ECF No. 152.)  On March 16, 2022, Plaintiffs issued to Ms. Parish a new subpoena to appear on April 27, 2022, to account for the new trial date.  (ECF No. 155-1.)

On April 15, 2022, the CDPHE filed this Motion, in which it requests that the Court quash the subpoena issued to Ms. Parish, or in the alternative, limit Ms. Parish's testimony to purely factual matters and issue a protective order precluding her from giving testimony regarding privileged information.  (ECF No. 155 at 5–7.)

## II. LEGAL STANDARD

The CDPHE's Motion is filed pursuant to Federal Rule of Civil Procedure 45(d)(3), which regulates motions to quash or modify subpoenas and states in relevant part:

> (A) *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> . . .
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> (B) *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

3

>            . . .
>
>    (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3) (italics in original).

### III. ANALYSIS

The CDPHE argues that the Court should quash or modify the subpoena issued to Ms. Parish because it contends that her compliance would require her to testify as an unretained expert to opinions which resulted from her work that was not requested by a party in this case. (ECF No. 155 at 5–6.) For reasons unknown to the Court, Plaintiffs do not respond specifically to this argument. (*See generally* ECF No. 158.)

A subpoena may be quashed or modified if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(ii). The purpose of Rule 45(d)(3)(B)(ii) is to protect experts from being required to provide expert advice or assistance without proper compensation. *See* Fed. R. Civ. P. 45 advisory committee's notes (1991) ("A growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts. Experts are not exempt from the duty to give evidence, . . . but the compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services.").

For support, the CDPHE cites *Makeen v. Colorado*, 2015 WL 1945299 (D. Colo. Apr. 29, 2015), a case in which a non-party subpoena was served on the Director of the Disability Services Program at the University of Denver to testify about how the

4

University determines what accommodations to provide deaf students under the Americans with Disabilities Act. *Id.* at *1. Plaintiff planned to use this testimony to help show that he had been denied reasonable accommodations in circumstances that did not involve the Director or the University. *Id.* The court found that the Director's specialized knowledge was protected by Rule 45(d)(3)(B)(ii) and that "failing to quash the subpoena would allow [the plaintiff] to obtain expert testimony at no cost to himself." *Id.* at *2. Thus, the court held that "to the extent that [plaintiff] seeks . . . expert opinions on disability accommodations, or any other areas of expertise, the subpoena is quashed." *Id.*

Here, Plaintiffs describe the testimony they intend to elicit from Ms. Parish in their Supplemental Disclosure of Expert Testimony, which states in relevant part:

> Ms. Parish will explain the criteria the State generally considers in evaluating whether a facility must obtain a state pollutant discharge permit, including those factors (i) set forth in the Clean Water Act, state law, and related laws and regulations, (ii) addressed in *County of Maui v. Hawaii Wildlife Fund*, 590 U.S. __, 140 S. Ct. 1462 (2020) ("*Maui*"), and other factors the State considers relevant to its determination. Those criterial include:
>
> 1. Whether there is an augmentation plan or other water rights agreement with an approved augmentation to surface water via the groundwater discharge?
>
> 2. Whether there is any part of the discharge location within the distances below to the surface water's channel?
>
>    ○ If it is a high energy or small stream, is the discharge within 200 feet of the side of the stream channel?
>
>    ○ If it is lower energy stream or larger river, is the discharge within the alluvium? (assumed to be 500 feet or

5

> less).
>
> 3. If the discharge is a well, has the Division of Water Resources, Department of Natural Resources found that the well discharges to the alluvium?
>
> She may testify that the State utilizes the factors of "transit time," and "distance traveled," which are given presumptive predominance under *Maui*.
>
> Ms. Parish will testify how the State applies a presumption of a hydrological connection between a point source and a receiving water under the criteria discussed above, requiring the facility to submit a hydrological connection study to refute the presumption in order to avoid the requirement of obtaining a discharge permit.
>
> Ms. Parish is expected to testify about the Western Sugar, Ouray Silver Mine, and Upper Blue Sanitation District permits that were evaluated by the Department, studies concerning these facilities, and the factors that determined whether these facilities qualified as dischargers that were required to obtain water pollution permits.
>
> Ms. Parish will testify that the State considers cations to be pollutants.

(*Id.* at 1–2.)

Similar to *Makeen*, the Plaintiffs here subpoenaed Ms. Parish as a non-retained expert to testify based on her specialized knowledge as an employee of the CDPHE about the interpretation and application of the CWA. (ECF No. 126.) To permit such testimony would allow the Plaintiffs to obtain expert testimony at no cost to themselves, which is precisely what Rule 45(d)(3)(B)(ii) is meant to prevent.

Plaintiffs do not respond to this argument. Instead, Plaintiffs argue that the Court should deny the Motion because it is untimely. (ECF No. 158 at 3–4.) The Court is, in fact, greatly troubled by the CDPHE's inexplicably dilatory filing of this Motion, nine weeks after receiving the first subpoena from Plaintiff and only eleven days before the

6

trial is set to begin.[1] (*See* ECF Nos. 152, 155, 158-1.) Indeed, this outrageous delay alone could provide sufficient grounds for denying the Motion in its entirety, and the Court seriously considered doing so.

In these circumstances, however, the Court finds that the CDPHE's extraordinary delay in filing the Motion does not require or justify its denial. In drawing this conclusion, the Court finds it significant that Ms. Parish's testimony is not of primary relevance to a disputed element in this case, as the parties have stipulated to the fact that "High Mountain possesses no state or federal permit to discharge pollutants." (ECF No. 148 at 3.) Further, Ms. Parish's testimony regarding the CDPHE's interpretation and application of the CWA is not of dispositive importance to Plaintiffs' success on the merits of their claim, a result which does not hinge on the CDPHE's interpretation of the CWA.

Thus, to the extent that Plaintiffs seek Ms. Parish's *expert opinions*, that portion of the subpoena is quashed.

However, nothing in Rule 45(d)(3)(B)(ii) protects a fact witness—one whose testimony is based on personal knowledge under Federal Rule of Evidence 701 rather than specialized opinion under Federal Rule of Evidence 702—from providing compulsory testimony simply because the witness happens also to be an expert. *See* Fed. R. Civ. P. 45 advisory committee's notes (1991) ("the district court's discretion in these matters should be informed by 'the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give

---

[1] If anything, the delay in filing the Motion is even more egregious than this, given that Plaintiffs advised the Ms. Parish of their intent to subpoena her as early as January 20, 2022. (*See* ECF No. 158-3.)

opinion testimony'"). Therefore, Plaintiffs will be permitted to call Ms. Parish as a fact witness in their case in chief; provided, however, that such testimony is material and relevant to the remaining issues in this case.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Colorado Department of Public Health and Environment's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (ECF No. 155) is GRANTED IN PART and DENIED IN PART as set forth herein;

2. To the extent that Plaintiffs seek expert testimony from Ms. Parish, the Motion is GRANTED, and Plaintiffs will be precluded from eliciting expert opinion testimony from Ms. Parish; and

3. It is FURTHER ORDERED that Ms. Parish will be permitted to testify as a fact witness at trial, to the extent that such testimony is material and relevant to the remaining issues in this case.

Dated this 21st day of April, 2022.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] The CDPHE makes three additional arguments based on Colorado law (ECF No. 155 at 6–7), the attorney-client privilege (*id.* at 7–8), and the deliberative process privilege (*id.* at 8–9). However, the remedy requested in each case—*i.e.*, that Ms. Parish's testimony be limited to factual matters that are relevant to this litigation—has already been granted under Rule 45(d)(3)(B)(ii), as described above. Therefore, the Court need not address the CDPHE's three additional arguments, and those portions of the Motion are denied as moot.