**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-1246-WJM-STV

PAMELA STONE, an individual,
TWYLA RUSAN, an individual,
M. JAMIE MORROW, an individual, and
THE SOUTH PARK COALITION, INC., a non-profit 501(c)(4) Colorado corporation,

    Plaintiffs,

v.

HIGH MOUNTAIN MINING COMPANY, LLC, a Wyoming limited liability company, and
JAMES R. MURRAY, an individual,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

This matter is before the Court on Plaintiffs Pamela Stone, Twyla Rusan, M. Jamie Morrow, and the South Park Coalition's ("Plaintiffs") Motion for Attorneys['] Fees, Costs, and Expenses ("Motion"). (ECF No. 180.) Defendant High Mountain Mining Company, LLC[1] ("High Mountain") filed a response (ECF No. 188), and Plaintiffs filed a reply (ECF No. 189).

For the reasons stated below, the Motion is granted in part and denied in part.

## I. BACKGROUND

High Mountain owns and operates the Alma Placer Mine, a "gold placer mine"

---

[1] Defendant James Murray did not file a response because the Court found him not liable. (*See* ECF No. 175 at 34–35.) The Court entered judgment in Murray's favor and against Plaintiffs. (ECF No. 176 at 2.)

located near the town of Alma, Colorado. (ECF No. 175 at 1.) Plaintiffs filed a citizens' suit against High Mountain and James R. Murray, a managing member and part-owner of High Mountain, for discharging pollutants from settling ponds into the Middle Fork, a navigable water of the United States, in violation of the Clean Water Act ("CWA"), 33 U.S.C §§ 1251, *et seq.* (*Id.* at 9.) Following a four-day trial to the Court, High Mountain was found liable for discharging pollutants from three of the four subject settling ponds. (*Id.* at 38.) The Court imposed a $500,000 penalty on High Mountain to be paid to the United States Treasury. (*Id.* at 40–41.)

## II. LEGAL STANDARDS

In an action pursuant to the CWA, the "court . . . may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). A prevailing or substantially prevailing party is presumptively entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust. *Browder v. City of Moab*, 427 F.3d 717, 720–21 (10th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). The amount of the fee must be determined on the facts of each case. *Id.* at 721. In their Motion, Plaintiffs seek an attorneys' fee and costs award of $980,379.88. (ECF No. 189 at 10.)

## III. ATTORNEYS' FEE AWARD

### A.   Prior Actions

Plaintiffs' fee request is truly unprecedented. No party has ever before moved the Court requesting fees for work performed in a separate action. Not only do Plaintiffs request fees for *two* such actions—but one of them was presided over by *another*

2

judicial officer. (*See* ECF No. 180 at 1–2; ECF No. 188 at 4–5.) Both of these prior actions ended in dismissal without prejudice for lack of subject-matter jurisdiction. (ECF No. 188 at 5; ECF No. 189 at 2.) Plaintiffs cite no case law supporting the proposition that a court may award fees for work done in earlier, failed actions at the conclusion of a later, successful action. (*See* ECF Nos. 180, 189.) Therefore, the Court will award no fees for work done on prior actions.

Neither Plaintiffs' briefs nor the attached attorney declarations tell the Court how much work was performed on the earlier actions, as opposed to the action before this Court. Rather, Plaintiffs merely present a bottom-line number for all work performed on all three actions. (*See* ECF No. 180 at 17; ECF No. 189 at 10.) Thankfully, High Mountain tabulates the fees related to Plaintiffs' earlier, failed actions, which the Court finds to be reasonable, and it adopts same. (ECF No. 188 at 4.) Therefore, the Court denies the Motion in its entirety to the extent it seeks fees for work performed in relation to Plaintiffs' other actions and deducts $311,776 from Plaintiffs' fee request.

The Court now turns to work Plaintiffs' counsel performed in connection with *this action*, for which Plaintiffs seek $591,218.25 in fees.

B.   **Fees Related to the This Action**

Any fee award must be reasonable under the circumstances. *Hensley*, 461 U.S. at 433. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. This is commonly referred to as the "lodestar method" for calculating fees. *Id*. Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*,

3

120 F.3d 1126, 1131 (10th Cir. 1997).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436–37.

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands.'"  *Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998)).  The burden is on the party seeking fees to provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community.  *Ellis v Univ. of Kan.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  "If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, in its discretion, use other relevant factors, including its own knowledge, to establish the rate."  *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006).

The party requesting fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero," and bears the burden of providing the required documentation and demonstrating that the fees requested are reasonable.  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).

The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).  To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250.  The party seeking fees

4

must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  Where such an effort appears "inadequate, the district court may reduce the award accordingly."  *Id.* at 433; *Jane L.*, 61 F.3d at 1510.

Moreover, when a plaintiff "is deemed 'prevailing' even though he succeeded on only some of his claims for relief," a court may exclude a portion of the fee if claims on which plaintiff lost were "unrelated to the claims on which he succeeded."  *Hensley*, 461 U.S. at 434.  A court may also reduce the overall award if a party "has achieved only partial or limited success."  *Id.* at 436.

1. <u>Fee Award</u>

The issues with Plaintiffs' fee request go beyond requesting more than $300,000 for work done on separate actions on which Plaintiffs did not prevail.  The Court has carefully reviewed the attorney and expert declarations and bills attached to the Motion, and it identifies numerous issues with the bills that it cannot condone by awarding Plaintiffs' requested fees in full.  To illustrate the point, the Court lists a few of the most egregious issues with the bills submitted by Plaintiffs' counsel; however, the list is by no means exhaustive:

- Lead counsel Randall M. Weiner block billed 24 hours for April 25, 2022, through April 28, 2022, with the description "Preparation each day before next day's trial – 4 hours," rather than billing each day and explaining *what* he was preparing[2] (ECF No. 180-2 at 51);

---

[2] Further, the description is perplexing.  It suggests Weiner did four hours of work each day, but 4 hours per day for four days is 16 hours, not 24 hours.

- Weiner billed 0.02 hours on July 21, 2022, with the description "Read and highlight trial transcripts.  Draft FOF/COL," rather than writing off 72 seconds of work during which he could not have possibly accomplished anything for his client (*id.* at 52);

- Counsel Annmarie Cording regularly block billed for multiple tasks without delineating how much time she spent on which tasks[3] (*see* ECF No. 180-5 at 7–41);

- Cording also regularly performed administrative tasks, such as filing documents with the Court and billed those task at her rate.  Even if these tasks are easy for lawyers to complete, billing $450 per hour for a task that a paralegal can competently complete for $135 per hour is unjustifiable (*id.* at 8–40);

- Collectively, Plaintiffs' counsel spent 52.3 hours preparing the 10-page reply brief in support of thee Motion, seeking more than $27,000 in fees (ECF No. 189 at 11).

These issues make the Court seriously question counsel's billing judgment.  As

---

[3] For example, Cording billed for 4.27 hours on July 17, 2019.  The Court counts at least eight discrete tasks in her billing description, which is reproduced in full below:

> Phone call with Jamie Morrow, draft Morrow declaration per same, email to Jamie Morrow; phone call with Tina w/ Fairplay admin, take notes; revise Stone and Doe declarations re: same, email to clients; phone call with Doris LeDue, draft declaration per same, email to Doris LeDue for review and signature; phone call follow up with Twyla Rusan; confer w/ opposing counsel on Motion for additional pages for Response; draft motion for additional pages, to RMW for review; file Motion for additional pages via ECF[.]

(ECF No. 180-5 at 23.)

High Mountain points out, when a lawyer is regularly submitting bills to a paying client for approval, the client is very likely to refuse to pay bills that are inflated by a lack of billing judgment.  (ECF No. 188 at 2–3.)  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Hensley*, 461 U.S. at 434.

The Court also notes that Plaintiffs obtained only partial success in this action.  (*See* ECF No. 175 at 34–35.)  High Mountain "submits that Plaintiffs prevailed on 25% of their case and, at maximum, should recover only 25% of the lodestar as adjusted for the reasons explained herein."  (ECF No. 188 at 10.)  Plaintiffs disagree with High Mountain's characterization that they lost 75% of this action and argue they are entitled to fees regardless of some adverse rulings.  (ECF No. 189 at 9–10.)  In the Court's view, a 75% reduction is too severe.  A prevailing party may "obtain an award of attorney's fees for time spent prosecuting the successful claim as well as those related to it."  *Browder*, 427 F.3d at 723.  While Plaintiffs were not successful on all claims, they relied on many of the same facts and were thus—at least to some degree—related.  (*See generally* ECF No. 175.)

Because Plaintiffs' bills do not differentiate between work done on this action as opposed to other actions, it would require significant judicial resources to compile the total number of hours worked on this successful action.  Therefore, rather than calculating a revised lodestar, the Court exercises its discretion to reduce Plaintiffs' requested fees.  Based on the issues discussed above, the Court finds a 50% reduction is appropriate and awards $295,609.13 in attorneys' fees.

2. <u>A Note on Counsel's Hourly Rates</u>

Plaintiffs request hourly rates ranging from $450 to $600 per hour for work performed by partners and other senior lawyers, $250 per hour for work performed by an associate, $135 per hour for work performed by a paralegal, and $50 to $125 per hour for work performed by interns. (ECF No. 180-4 at 7.) Plaintiffs argue the hourly rates charged by each lawyer, paralegal, and interns in this case are reasonable, based on each's skill, experience, reputation in the community, and accomplishments. (*Id.*; ECF No. 180 at 6–10.) For support, they cite the expert declaration of Washington, D.C.-based environmental lawyer William S. Eubanks II and several cases in which attorneys with higher hourly rates were awarded attorney's fees for complex civil litigation. (ECF No. 180 at 6–10; ECF No. 180-4 at 7.)

In response, High Mountain argues that Plaintiffs' requested billing rates are unreasonable as they are higher than those reflected in the 2017 Economics of Law Practice survey performed by the Colorado Bar Association ("CBA Survey.") (ECF No. 188 at 6–7; ECF No. 188-1 at 5.) High Mountain requests that the Court instead award an attorneys' fee award based on hourly billing rates of $325 to $400 per hour for work performed by partners and senior lawyers and $200 per hour for work performed by an associate. (ECF No. 188 at 7.) High Mountain agrees that $135 for a paralegal's time is reasonable.[4] (*Id.*)

After carefully considering the parties' arguments, supporting documentation, and applicable case law, the Court concludes that Plaintiffs' requested hourly billing rates

---

[4] Because High Mountain asserts all hours billed by interns are non-compensable, it does not suggest a reasonable rate for interns. (*See* ECF No. 188 at 12.)

8

are very much on the high end, but ultimately accepts them as reasonable for environmental law attorneys of comparable skill and experience in the Denver area. As such, the Court has applied the hourly billable rates requested by Plaintiffs in determining the appropriate fee award.

**C.     Costs**

Plaintiffs request an award of $78,385.63 in litigation costs. (ECF No. 180 at 17.) The costs Plaintiffs claim are itemized in the bills submitted in connection with the Motion. (*See e.g.*, ECF No. 180-2 at 19.)

Despite taking very aggressive positions in its response to the Motion with respect to fees, High Mountain only challenges two aspects of Plaintiffs' requested costs. (ECF No. 188 at 4, 14–15.) High Mountain calculated $943.19 in costs related to Plaintiffs' unsuccessful, prior actions. (*Id.* at 4.) For the same reason the Court denies Plaintiffs' request for fees for the prior actions, the Court denies the request for related fees.

High Mountain also challenges Plaintiffs claimed costs for consulting expert Alison Burchell. (*Id.* at 14–15.) Plaintiffs argue that "[f]ees for expert witnesses who do not testify at trial are not allowed under 28 U.S.C. § 1920." (*Id.* at 15 (citing *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1321 (D. Colo. 2014)).) The root of this argument is *Crawford Fitting Company v. J.T. Gibbons, Inc.*, where the Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." 482 U.S. 437, 445 (1987). *Crawford* concerns whether §§ 1821 and 1920 limit the discretion granted by Federal

9

Rule of Civil Procedure 54, but it explicitly contemplates circumstances where Congress has granted statutory "authorization of the expenses of a litigant's witness as costs." *See id.* at 441, 444–45.  A citizens' suit under the CWA is precisely such a circumstance.  33 U.S.C. § 1365(d); *see also Sorbo v. United Parcel Service*, 432 F.3d 1169, 1180–1181 (discussing 42 U.S.C. § 2000e-5(k) as a "potential source" of authorization "permitting the award of costs (and fees, for that matter) not included in § 1920"); 42 U.S.C. § 2000e-5(k) ("[T]he court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs."). Because the Court concludes that the authority to award expert witness fees as costs is not derived from § 1920, it finds that the limitation on fees for non-testifying witnesses does not apply.

Accordingly, the Court reduces Plaintiffs' costs by $943.19, but otherwise finds their requests for costs to be reasonable and justified, and as a consequence, awards $77,442.44 in costs to Plaintiffs.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Attorneys['] Fees, Costs, and Expenses (ECF No. 180) is GRANTED IN PART AND DENIED IN PART;

2. Plaintiffs are AWARDED $295,609.13 in attorneys' fees and $77,442.44 in costs.

Dated this 23rd day of October, 2023.

BY THE COURT:

_____

William J. Martinez
Senior United States District Judge